**James E. POOLE, Plaintiff–Appellant,**

v.

**UNITED STATES, Defendant–Appellee.**

No. 2006–5028.

United States Court of Appeals,
Federal Circuit.

April 4, 2006.

James E. Poole, pro se.

Before MICHEL, Chief Judge,
LOURIE and GAJARSA, Circuit Judges.

## ON MOTION

PER CURIAM.

### ORDER

The United States moves to waive the requirements of Fed. Cir. R. 27(f) and dismiss James E. Poole's appeal. Poole opposes and moves to waive the requirements of Fed. R.App. P. 4(a)(1)(B) and to amend his informal brief.

Poole filed a complaint in the United States Court of Federal Claims seeking review of the decision of the Army Board for the Correction of Military Records (ABCMR) denying his application challenging his disability rating. *Poole v. United States*, No. 02–CV–454, 04–CV–460 (Fed.Cl.). On March 23, 2005, the trial court entered an order granting in part and denying in part the United States' motions to dismiss and for judgment on the administrative record and remanding to the ABCMR for further proceedings. The ABCMR issued a decision on September 1, 2005 and Poole filed a "motion for relief in part from judgment and plaintiff's brief in response to ABCMR proceedings" in the trial court. On November 15, 2005, the trial court denied Poole's motion and directed the United States to respond to Poole's brief concerning the ABCMR proceedings. On December 1, 2005, Poole filed a notice of appeal seeking review of the trial court's March 23 and November 15 orders.

The United States argues that the trial court has not entered judgment and the March 23 and November 15 orders are nonfinal. The United States contends that the trial court's November 15 order contemplated further proceedings and thus this court lacks jurisdiction. Poole argues in response that Fed. R.App. P. 4(a)(2) allows the filing of a notice of appeal before the entry of judgment.

Fed. R.App. P. 4(a)(2) states that "[a] notice of appeal filed after the court announces a decision or order—but before the entry of the judgment or order—is treated as filed on the date of and after the entry." Rule 4(a)(2) serves to ripen a premature notice of appeal in a situation where a party files a notice of appeal after the trial court has concluded its proceedings and announced its decision but before the trial court has entered judgment. Rule 4(a)(2) does not apply in a situation where the trial court has not concluded its proceedings.

The court's jurisdiction over appeals from decisions of the Court of Federal Claims is governed by 28 U.S.C. § 1295(a)(3). Section 1295(a)(3) provides that the court has jurisdiction over "an appeal from a *final* decision of the United States Court of Federal Claims" (emphasis added). "A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945); *see also Ultra–Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1356–57 (Fed.Cir.2003) ("[a] district court's "judgment is final where it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment" (citation omitted)). Because the trial court has not concluded its proceedings, we determine that there is no final judgment. Thus, we lack jurisdiction and must dismiss. Poole may, of course, file a new notice of appeal after the trial court concludes its proceedings and enters final judgment.

Accordingly,

IT IS ORDERED THAT:

(1) The United States' motion to waive the requirements of Fed. Cir. R. 27(f) is granted.

(2) The United States' motion to dismiss is granted.

(3) Each side shall bear its own costs.

(4) All pending motions are moot.